## Verardi (et al., Appellant), *v.* Sharpsburg Borough.

Argued January 5, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Gilbert E. Morcroft,* for appellant.

*Franklyn E. Conflenti,* with him *Leo Kostman, Sidney M. Ruffin,* and *Burgwin, Ruffin, Perry & Pohl,* for appellee.

*William H. Saye,* for amicus curiae.

OPINION BY MR. JUSTICE COHEN, April 17, 1962:

Appellant appeals from the refusal of the lower court to grant a preliminary injunction enjoining the appellees, Borough of Sharpsburg (Borough) and its officers, from awarding certain contracts.

The sole question involved in this appeal is: Where a borough advertises for bids on items costing in excess of $1,000, are the notice requirements of The Borough Code (53 PS §§45001-49313) satisfied where the said advertisements appear in a newspaper which is published within the county but not within the borough?

Appellees published bids for mechanical equipment needed by the borough in two Pittsburgh newspapers

of general circulation in Allegheny County in which the borough is situated. In so doing, they maintain, they acted in accordance with §1316 of The Borough Code, Act of 1957, May 17, P. L. 161, No. 76, 53 PS §46316 which provides, inter alia: "All contracts or purchases in excess of one thousand dollars . . . shall not be made except with and from the lowest responsible bidder *after due notice in one newspaper of general circulation, published or circulating in the county in which the borough is situated. . . .*" (Emphasis supplied).

Plaintiff-appellant contends that the advertisement for bids should not have been made pursuant to the above section, but rather, should have been made in compliance with §109 of The Borough Code, Act of 1951, July 19, P. L. 1026, No. 217, 53 PS §45109, which, in part, states: "Wherever, in any of the provisions of this act, notice is required to be given in one newspaper in the county, *such notice shall be published in a newspaper of general circulation published within the limits of the borough affected. . . .*" (Emphasis supplied).

There is a weekly newspaper of general circulation published within the Borough of Sharpsburg. Appellant contends, therefore, that appellees acted in violation of The Borough Code by not advertising in the Sharpsburg paper, and that no contracts can be awarded on the basis of bids secured following advertisements outside of the borough.

The lower court held that the advertisements for bids satisfied the notice requirements of The Borough Code since they were published in a newspaper of general circulation circulating in the borough, even though not published within the said borough, in compliance with §1316 of The Borough Code, 53 PS §46316. We think the court below was correct.

The confusion in determining which of the two above-quoted sections of The Borough Code applies in the

present situation exists since they both appear to govern the same subject matter and to be mutually-exclusive and contradictory in character. A solution to this apparent statutory impasse is offered, however, by §63 of the Statutory Construction Act of 1937, May 28, P. L. 1019, 46 PS §563, which provides: (1) that when a general provision in the law shall be in conflict with a special provision in the same or another law, the two should be construed if possible so that effect may be given to both, and (2) if the conflict between the two provisions is irreconcilable, the specific provision shall prevail and shall be construed as an exception to the general provision.

The lower court properly construed the two provisions in question so as to give effect to both, holding that the requirements of §1316 (53 PS §46316) govern with respect to advertisements on bids or contracts, while §109 (53 PS §45109) is a general provision applicable in those situations where The Borough Code is indefinite in its advertising requirements. The same result would follow if it were held that the two provisions were in irreconcilable conflict, since, under the above-cited section of the Statutory Construction Act (46 PS §563) the general provision, §109 of The Borough Code, must give way to special provision §1316 of The Borough Code.

The above principles of statutory construction are in conformity, both with the requirements of the Statutory Construction Act and the decided cases (the act being, in the main, a compilation and codification of the decisional law).

Accordingly, since there was a proper application of the relevant principles of statutory construction, the action of the court below in refusing to grant a preliminary injunction was proper.

Decree affirmed at appellant's costs.

Mr. Chief Justice BELL dissents.